UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| RANDY THOMPSON, | Case No. 6:22-cv-01665-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| WALKER P. INMAN, III, | |
| Defendant. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Randy Thompson, a resident of Oregon, brings this diversity action against Defendant Walker Inman, a resident of Georgia, alleging conversion. ECF No. 1. Both parties are proceeding pro se. Plaintiff now moves the Court for summary judgment. ECF No. 82. For the reasons below, Plaintiff's motion is granted in part and denied in part.

## BACKGROUND

On September 11, 2020, Plaintiff reported a burglary at his home in Lincoln City, Oregon. Pl. Mot. Ex. 2, ECF No. 82-3. The door to Plaintiff's art studio had been forcibly entered, and Plaintiff's two-door brown filing cabinet was stolen. *Id*. Several items of value within the studio—including a safe, guitar, loose money, and credit cards—were not stolen, and Plaintiff's main residence and another building at the home were not entered. *Id*.

Plaintiff reported that the only copy of a book and movie manuscript entitled "Escape From the Hill," associated contracts, and three prototypes for original inventions were contained in the stolen filing cabinet. *Id*. Plaintiff reported that Defendant was one of only two people who knew about the location of the manuscript that he believed was the specific target of the burglary. *Id*.

Plaintiff "found out [Defendant] was responsible for the burglary, theft and conversion of my personal property when he started bragging about it and taunting me with stolen personal property in emails and on social media." Thompson Aff. ¶ 5, ECF No. 83. On May 5, 2022, Defendant emailed Plaintiff, noting "I have all the case files as I have hard drives that contain all case files." Pl. Mot. Ex. A6, ECF No. 82-9. Attached to the email are images of some of the allegedly stolen items. *Id*.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is

such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630.

## DISCUSSION

Before turning to the merits of Plaintiff's motion, the Court notes that the motion was unopposed by Defendant, who failed to file response. Nevertheless, an unopposed motion for summary judgment does not automatically entitle the movant to judgment as a matter of law. In such cases, summary judgment should not be granted "where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). Here, for the reasons explained below, Plaintiff's motion and evidence support his motion for summary judgment on the issue of liability for conversion, but he lacks evidence to support his resulting damages.[1]

---

[1] Plaintiff's motion also includes argument related to Rule 37, but Plaintiff has not formally moved the Court for Rule 37 sanctions. See Local Rule 7-1(b). Moreover, because Defendant did not respond to Plaintiff's motion and has therefore presented no evidence in opposition to this motion, the Court has not been called upon to rely on any information or discovery from Defendant that might be subject to such sanctions. Accordingly, the Court does not address these arguments.

I.  **Conversion**

"Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Mustola v. Toddy*, 253 Or. 658, 663-53 (1963) (quoting *Restatement (Second) of Torts* § 222A (1965)). "The principal concern in a conversion claim is whether the defendant exercised intentional control over the chattel in a manner 'inconsistent with the plaintiff's rights.'" *Marquard v. New Penn Fin., LLC*, 2017 WL 4227685, at *6 (D. Or. Sept. 22, 2017) (quoting *Naas v. Lucas*, 86 Or. App. 406, 409 (1987)).

> In determining the seriousness of the interference and the justice of requiring the actor to pay the full value, the following factors are important:
> '(a) The extent and duration of the actor's exercise of dominion or control;
> '(b) the actor's intent to assert a right in fact inconsistent with the other's right of control;
> '(c) the actor's good faith;
> '(d) the extent and duration of the resulting interference with the other's right of control;
> '(e) the harm done to the chattel;
> '(f) the inconvenience and expense caused to the other.'

*Mustola*, 253 Or. at 663-64.

Here, Plaintiff has presented uncontroverted evidence that Defendant was one of only two people Plaintiff was aware of that knew what was in the filing cabinet taken from his art studio. The uncontroverted record suggests that the contents of the filing cabinet were the target of the burglary because many other items of value were not stolen and the art studio was the only building entered. Plaintiff has also presented evidence that Defendant had told another individual, Jon Paul Chevalier, that Plaintiff had certain items in his "Lincoln City house" and asked Mr. Chevalier to help him burglarize the home to retrieve them. Chevalier Dep. 24:1-27:12, ECF No. 82-30. There is also uncontroverted evidence that, in the years following the burglary, Defendant posted images of some of the stolen items on his Facebook page and

emailed Plaintiff regarding the same. Pl. Mot. Exs. A3, A6, A9, ECF Nos. 82-6, 82-9, 82-12. Plaintiff states that Defendant "taunted" him about the stolen items. Thompson Aff. ¶ 5. Plaintiff demanded the return of the items for several years but was unable to recover them from Defendant. *Id*. ¶ 6.

On the record before the Court, no reasonable juror applying the required factors could find in favor of Defendant. Plaintiff has thus produced sufficient evidence to establish the absence of a genuine issue of material fact as to his conversion claim. He has therefore carried his burden at summary judgment, obligating Defendant to identify facts showing a genuine issue for trial. *See Celotex,* 477 U.S. at 323. Defendant filed no response identifying such facts and Plaintiff is therefore entitled to summary judgment on his conversion claim.

**II.    Damages**

Plaintiff also moves for summary judgment on his requested damages, which include the value of the converted property and emotional distress damages. However, Plaintiff's motion and supporting evidence do not establish an absence of a genuine issue of fact on these damages.

**A.    Value of Converted Property**

In Oregon, the measure of damages for the conversion of personal property is the reasonable market value of the goods converted at the time and place of conversion[.]" *Hall v. Work,* 223 Or. 347, 357, 354 P.2d 837 (1960).

Plaintiff's initial disclosures, included as an exhibit to his motion, note that he intends to prove the value of the stolen property with, among other things, "the interest of the Inman true-life story and those paid for interviews by CBS and the Dr. Phil show and rolling stone magazine that each paid 250,000.00 for interviews through limited copy right material," as well as expert testimony." Pl. Mot. Ex. A20 at 7-11, ECF No. 82-23.

However, although this exhibit reveals what Plaintiff *intends* to use to prove damages, the record does not contain that evidence. Plaintiff does not provide any evidence in the summary judgment record to support the value of the converted property. Without such evidence, Plaintiff has not carried his burden to establish the absence of a genuine issue of material fact on the issue of damages for the value of the converted property.

### B. Emotional Distress Damages

Plaintiff also seeks emotional distress damages resulting from the alleged conversion. Under Oregon law, "[m]ental suffering is not compensable in the ordinary trespass or conversion action." *Douglas v. Humble Oil & Ref. Co.*, 251 Or. 310 (1968). However, there is an exception to that rule where emotional distress is a common and predictable result under the circumstances of the kind of conversion involved." *Mooney v. Johnson Cattle Co.*, 291 Or. 709, 716. As clarified later by the Oregon Court of Appeals "it is the kind of interest invaded that, as a policy matter, is believed to be of sufficient importance to merit protection from emotional impact, that is critical." *Meyer v. 4-D Insulation Co.*, 60 Or. App. 70, 74–75, 652 P.2d 852, 854 (1982). Most relevant to the circumstances in this case, the Oregon Supreme Court has held that emotional distress damages may be awarded "against a defendant for entering the plaintiff's home and removing personal property without permission and in plain disregard of plaintiff's rights." *Fredeen v. Stride*, 269 Or. 369, 3 (1974) (citing *Douglas*, 251 Or. at 317).

Here, the uncontroverted evidence shows that Defendant or somebody that he hired entered Plaintiff's home in order to remove Plaintiff's property. Defendant also repeatedly emailed and "taunted" Plaintiff regarding the stolen property. In light of these circumstances, the conversion at issue here is of a type where emotional distress would be a common and

predictable result and involved the kind of interest of sufficient importance to merit protection from emotional impact. Thus, emotional distress damages are recoverable under Oregon law.

However, there is no evidence in the record from which the Court could ascertain the amount of emotional damages owed. Plaintiff seeks $200,000 in emotional distress damages but offers no evidence in support. Even if there were evidence in the record regarding Plaintiff's alleged emotional distress, "the amount of damages that a party sustains is ordinarily a factual issue for the trier of fact." *Horton v. Oregon Health & Sci. Univ.*, 359 Or. 168, 244–45, 376 P.3d 998, 1041 (2016). The amount of Plaintiff's emotional damages are a quintessential question of fact and the Court cannot resolve this on summary judgment. Plaintiff is therefore not entitled to summary judgment on the issue of his damages.

## CONCLUSION

For the reasons above, Plaintiff's Motion for Summary Judgment is GRANTED in part and DENIED in part. Specifically, Plaintiff is entitled to summary judgment against Defendant on liability under Plaintiff's conversion claim. However, Plaintiff is not entitled to summary judgment on the amount of his damages.

DATED this 9th day of May 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge