UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RANDY THOMPSON,

           Plaintiff,

    v.

WALKER P. INMAN, III,

           Defendant.

Case No. 6:22-cv-01665-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Plaintiff Randy Thompson, a resident of Oregon, brings this diversity action against Defendant Walker Inman, a resident of Georgia, alleging conversion. ECF No. 1. Both parties are self-represented. Plaintiff now moves the Court for judgment on the pleadings. ECF No. 106. For the reasons below, Plaintiff's motion is treated as one for summary judgment and is granted.

## BACKGROUND

The facts underlying this action are set forth in the Court's Opinion and Order on Plaintiff's Motion for Summary Judgment, ECF No. 87, and are not repeated here. As relevant to this motion, on May 9, 2024, this Court granted summary judgment for Plaintiff on Defendant's liability for conversion of his personal property but denied Plaintiff summary judgment on the issue of damages. ECF No. 87. The Court found that the factual record was insufficient to establish the absence of a genuine issue of fact on the amount of Plaintiff's damages. *Id.* Thus, the only issue left to be resolved in this case is the amount of Plaintiff's damages, specifically (1)

the value of the property converted by Defendant, and (2) Plaintiff's emotional distress damages. Plaintiff's motion seeks to resolve the issue of damages based on matters deemed admitted under Fed. R. Civ. P. ("Rule") 36(a)(3), (b).

## STANDARD OF REVIEW

Summary judgment[1] is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630.

/ / /

/ / /

---

[1] For the reasons explained below, the Court treats Plaintiff's motion as one for summary judgment rather than for judgment on the pleadings.

## DISCUSSION

Before turning to the merits of Plaintiff's motion, the Court notes that the motion was unopposed by Defendant, who failed to file an opposition to Plaintiff's Motion for Judgment on the Pleadings. Defendant also filed no supplemental material upon notification that the Court would treat Plaintiff's motion as one for summary judgment and accept any pertinent material offered within 21 days. *See* ECF No. 107. Nevertheless, an unopposed motion for summary judgment does not automatically entitle the movant to judgment as a matter of law. In such cases, summary judgment should not be granted "where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). Here, for the reasons explained below, Plaintiff's motion and evidence support his motion and establish a genuine issue of material fact on the issue of damages. He is therefore entitled to summary judgment.

### I.    Effect of Presentation of Matters Outside Pleadings

Plaintiff's Motion for Judgment on the Pleadings included material beyond the face of the pleadings. Under Rule 12(d), when a party presents matters outside the pleadings and such matters are not excluded by the court, the motion is treated as one for summary judgment and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Here, Plaintiff's "Motion for Judgment on the Pleadings" included as an exhibit "Plaintiff's Second Set of Requests for Admission." ECF No. 106-1 at 27. In light of that extraneous material, the Court issued an order informing the parties that it would treat Plaintiff's motion as one for summary judgment pursuant to Rule 12(d). ECF No. 107. As required by that rule, the Court gave the parties a reasonable opportunity to submit any materials pertinent to

Plaintiff's motion. *Id*. Accordingly, the Court will resolve the pending motion as a motion for summary judgment and will consider all materials submitted with Plaintiff's motion as well as that submitted during the additional time allowed by the Court.

## II.     Motion for Summary Judgment

Plaintiff argues that he is entitled to judgment in his favor because Defendant's failure to respond to requests for admissions conclusively establishes the damages at issue. Rule 36(a)(1) permits a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to…facts, the application of law to fact, or opinions about either." Under the rule, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). A matter so admitted is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Here, Defendant was served with "Plaintiff's Second Set of Requests for Admission" on August 27, 2024. ECF No. 106-1 at 38. That document warned Defendant that if he "fail[ed] to respond or object to any request within 30 days of the service of the Requests, the matter shall be deemed admitted under Rule 36." *Id*. at 28. Defendant did not respond to the requests for admissions within the 30 days allowed under Rule 36(a)(3). Thompson Decl. ¶ 2, ECF No. 112. However, because the requests were served after the close of discovery, the Court allowed Defendant an additional 14 days to respond to the requests for admissions. ECF No. 107. The Court warned that failure to respond would permit the matters to be deemed admitted in pending and future motions and proceedings in this case. *Id*. Defendant again failed to timely respond to the requests for admissions. Thompson Decl. ¶¶ 5, 6. The matters included in Plaintiff's Second

Set of Requests for Admission are therefore deemed admitted and conclusively established under Rule 36(a)(3),(b).

As relevant to Plaintiff's motion, the following facts have been deemed admitted: (1) that the amount of converted property totals $2,000,000.00[2]; and (2) that Defendant caused Plaintiff $200,000.00 in "emotional duress" damages. ECF No. 106-1 at 36. Because these facts establish the absence of a genuine issue of fact on the issue of the amount of Plaintiff's damages, Plaintiff is entitled to summary judgment.

## CONCLUSION

For the reasons above, Plaintiff's Motion for Judgment on the Pleadings is treated as a motion for summary judgment under Rule 12(d) and is GRANTED. Plaintiff is entitled to judgment against Defendant in the amount of $2,200,000.00. All remaining motions are denied as moot, and the pending pretrial conference and trial dates are vacated.

DATED this 13th day of December 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge

---

[2] Defendant also admitted, by failing to file a response to Plaintiff's Second Set of Requests for Admissions, that "[P]laintiff is entitled to prejudgment interest on all converted personal and intellectual property at 9% interest from the date of conversion." ECF 106-1 at 36. Accordingly, the judgment will reflect prejudgment interest in that amount for Plaintiff's conversion damages from the date of conversion—September 11, 2020, as reflected in the Court's ruling on Plaintiff's motion for summary judgment. *See* ECF No. 87.